UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DIVON DANIEL WRAY,

                                    **Plaintiff,**

   vs.                                                      **1:25-CV-1393**
                                                                **(MAD/MJK)**

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC, and
TRANSUNION, LLC,

                                    **Defendants.**

---

APPEARANCES:                              OF COUNSEL:

**DIVON DANIEL WRAY**
Albany, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Divon Daniel Wray ("Plaintiff") commenced this action *pro se* on October 7, 2025.  *See*

Dkt. No. 1.  Plaintiff's complaint alleges that Experian Information Solutions, Inc., Equifax

Information Services, LLC, and TransUnion, LLC ("Defendants"), three consumer credit

reporting agencies, violated various provisions of the Fair Credit Reporting Act ("FCRA").  *See*

*id.*  Plaintiff claims that unauthorized financial activity occurred under his name after his identity

was stolen in a data breach, and when he disputed the contents of his credit report, Defendants'

actions did not comply with the FCRA.[1]  *See id.*  The complaint sets out five causes of action

under 15 U.S.C. §§ 1681b, 1681c-1, 1681c-2, 1681e, and 1681i.  *See id.*  Plaintiff alleges that

---

[1] The complaint does not appear to allege that Defendants played any part in the data breach or identity theft.

Defendants violated the FCRA by: (1) failing to ensure the maximum possible accuracy of his credit reports; (2) failing to conduct a reasonable reinvestigation after he disputed the contents of his credit reports; (3) failing to block the reporting of information that resulted from the identity theft; (4) failing to maintain reasonable procedures to prevent reinsertion of disputed information deleted from his file; and (5) improperly disclosing his credit report. *See id.* For a more extensive recitation of the facts, the parties are referred to Magistrate Judge Mitchell J. Katz's Order and Report-Recommendation dated February 20, 2026, which recommended that Plaintiff's complaint be dismissed without prejudice and with leave to amend. *See* Dkt. No. 5.

Magistrate Judge Katz determined that Plaintiff failed to plead any concrete injury from Defendants' actions, which means Plaintiff lacks standing to sue. *See id.* at 6-9. Alternatively, Magistrate Judge Katz recommended dismissal for failure to state a claim. *See id.* at 9-20. Plaintiff did not object to the Order and Report-Recommendation.

In reviewing an order and report-recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party properly objects to a magistrate judge's order and report-recommendation, the district court reviews *de novo* the issues raised in the objections. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358-59 (2d Cir. 2025) (citations omitted). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Id.* at 359 (citations omitted). Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific. *See id.* at 360-61. When a party does not object, or do so properly, the court reviews the magistrate judge's recommendations for clear error. *See id.* at 359-60.

2

Because Plaintiff has not objected to the Order and Report-Recommendation, the Court reviews it for clear error.  For the reasons set forth below, the Order and Report-Recommendation is adopted.

To demonstrate standing to sue in federal court, a plaintiff must plead an "injury in fact" that is both: (1) "concrete and particularized"; and (2) "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted).  "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1) (other citations omitted).  For an injury to be "concrete," it "must be '*de facto*'; that is, it must actually exist." *Id.* at 340 (citation omitted).  "[A] plaintiff must demonstrate standing separately for each form of relief sought." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021) (citation and internal quotation marks omitted).  If standing is not present, the Court cannot exercise jurisdiction. *See California v. Texas*, 593 U.S. 659, 668-69 (2021).

A pleading must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), and present claims that are "plausible on [their] face[,]" *id.* at 570.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability" generally does not meet the pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  The Court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This

presumption of truth does not extend to legal conclusions. *See Iqbal*, 556 U.S. at 678 (citation omitted).

*Pro se* litigants' filings should "'be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Accordingly, this Court must construe Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

In recommending dismissal of the complaint for lack of standing, Magistrate Judge Katz determined that Plaintiff fails to plead "a concrete and particularized injury." Dkt. No. 5 at 6.  A plaintiff cannot establish standing on a FCRA claim by only alleging "a bare procedural violation" of the statute, because "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Robins*, 578 U.S. at 342; *see also Ramirez*, 594 U.S. at 427 ("[U]nder Article III, an injury in law is not an injury in fact.  Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court").  As explained below, the Court agrees that Plaintiff's complaint fails to establish standing as to each claim.

In the FCRA context, "not all inaccuracies cause harm or present any material risk of harm." *Robins*, 578 U.S. at 342 (footnote omitted).  Thus, Plaintiff's contention that his "credit reports contain inaccurate, incomplete, and misleading information[,]" Dkt. No. 1 at ¶ 34, without some allegation that the errors caused him concrete injury, is insufficient to demonstrate standing on Count One.  Although the complaint states in a conclusory fashion that the inaccuracies "are detrimental to Plaintiff's credit profile[,]" *id.* at ¶ 20, bare allegations of a reduced credit score do

4

not support standing under the FCRA, *see Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022) (citing *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021)) ("A lowered credit score in and of itself is not a concrete harm").

Likewise, Plaintiff's conclusory allegations that Defendants' actions "caused Plaintiff to suffer concrete damages[,]" Dkt. No. 1 at ¶¶ 44, 51, with no specification of what those damages were, do not support standing as to Counts Two and Three.

On Count Four, although Plaintiff generally alleges that Defendants "do not prevent new furnishers from reinserting tradelines that Defendants had deleted in response to a consumer dispute" and "reinsert information into consumers' files without . . . adhering to the requirements of 15 U.S.C. § 1681i(a)(5)(B)[,]" *id.* at ¶¶ 58-59, the complaint does not assert that these purported FCRA violations actually injured Plaintiff in any cognizable way. Accordingly, the complaint does not establish standing as to Count Four.

On Count Five, Plaintiff claims that his credit report lists numerous inquiries "that were made without a permissible purpose as defined in 15 U.S.C. § 1681b[,]" and Defendants "failed to remove these inquiries from Plaintiff's credit reports." *Id.* at ¶¶ 63-64.

First, the complaint lacks any explanation of why the purported disclosures were impermissible. *See id.* at ¶¶ 61-64. The FCRA sets forth the circumstances where a "consumer reporting agency may furnish a consumer report." 15 U.S.C. § 1681b(a). The complaint essentially asserts that Plaintiff does not recognize the inquiries as they appear on his credit report, but does not specify how the inquiries about his credit—or any disclosures that followed— were impermissible. This fails to establish standing.

Second, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Ramirez*, 594 U.S. at 434. Thus, even if the

credit report contains false information, Plaintiff cannot establish standing if the inaccuracies were not disclosed to a third party.  Although dissemination of an inaccurate credit report can confer standing, *see id.* at 432 (determining that dissemination of a credit report containing misleading information conferred standing because of its close resemblance to defamation and reputational damage), Plaintiff does not appear to allege such dissemination.  Count Five states that third parties made a series of credit inquiries that Plaintiff does not recognize, which remain on Plaintiff's credit report.  *See* Dkt. No. 1 at ¶¶ 61-64.  However, even if Defendants provided Plaintiff's credit report in response to those inquiries, there is no allegation that those specific disclosures contained inaccurate information when they were made.  *See id.*

Ultimately, Count Five is devoid of allegations that Plaintiff suffered a concrete or particularized injury due to Defendants' conduct, which means Plaintiff has not pled standing to sue on that claim.

Because Plaintiff has not demonstrated standing for any of his claims,[2] the Court must dismiss the action without prejudice for lack of subject matter jurisdiction.  *See California*, 593 U.S. at 668-69; *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (citation omitted).

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED** for the reasons set forth herein; and the Court further

---

[2] Magistrate Judge Katz also noted that Plaintiff's claims would have failed on the merits.  *See* Dkt. No. 5 at 9-20.  The Court finds no clear error with that analysis.

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice for lack of subject matter jurisdiction, and with leave to replead**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  April 20, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge